UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOMINIC TYRELL DANIEL,<br>Petitioner,<br>v.<br>ROBERT NEUSCHMID,<br>Respondent. | Case No. 19-cv-03319-HSG<br><br>**ORDER TO SHOW CAUSE; GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS; GRANTING LEAVE TO SUPPLEMENT RECORD**<br><br>Re: Dkt. Nos. 4, 5 |

## INTRODUCTION

Petitioner, an inmate at California State Prison – Solano, filed this *pro se* writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition is now before the Court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Petitioner is granted leave to proceed *in forma pauperis*. Dkt. No. 5.

## BACKGROUND

According to the petition, Petitioner was convicted by a jury of second-degree murder (Cal. Penal Code § 187). Dkt. No. 1 ("Pet.") at 2. He was sentenced to fifteen years to life in state prison. Pet. at 1. His conviction was affirmed by the California Court of Appeal, and his petition for review was denied by the California Supreme Court. Pet. at 3. Petitioner filed a state habeas petition, alleging the claims raised herein, that was denied by the California Supreme Court on April 10, 2019. Pet. at 3. The instant action was filed on June 12, 2019. *See* Pet.

## DISCUSSION

**A.  Standard of Review**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in

violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

**B.     Petitioner's Claim**

Petitioner alleges the following claims for federal habeas relief: (1) ineffective assistance of counsel for failing to pursue a diminished mental capacity defense; (2) insufficient evidence to support the conviction; (3) *Miranda* violation; and (4) ineffective assistance of appellate counsel for failing to raise these three claims. Pet. at 7–31. Liberally construed, the claims appear to state cognizable federal claims under § 2254 and merit an answer from Respondent. *See Zichko v. Idaho*, 247 F.3d 1015, 1020 (9th Cir. 2001) (federal courts must construe *pro se* petitions for writs of habeas corpus liberally).

**C.     Motion to Supplement Record**

Petitioner has requested that the record be supplemented with the exhibits attached to his motion. Dkt. No. 4. This request is GRANTED to the extent that these exhibits were before the state court when the state court addressed these claims. In reviewing the reasonableness of a state court's decision to which § 2254(d)(1) applies, a district court may rely only on the record that was before the state court. *See Cullen v. Pinholster*, 563 U.S. 170, 180 (2011) (holding that new evidence presented at evidentiary hearing cannot be considered in assessing whether state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law" under § 2254(d)(1)). Therefore, a federal court generally is precluded from supplementing the record with facts adduced for the first time at a federal evidentiary hearing when a petitioner's claim has been adjudicated on the merits in state court. *See Pinholster*, 563 U.S. at 182–83 ("It would be strange to ask federal courts to analyze whether a state court's adjudication resulted in a decision that unreasonably applied federal law to facts not before the state court.").

**CONCLUSION**

For the foregoing reasons, the Court orders as follows:

//

1. Petitioner's request for leave to proceed *in forma pauperis* is GRANTED. Dkt. No. 5.

2. Petitioner's request to supplement the record is GRANTED to the extent that these exhibits were before the state court when the state court addressed these claims. Dkt. No. 4.

3. The Clerk shall mail a copy of this order and the petition with all attachments to the Respondent and the Respondent's attorney, the Attorney General of the State of California. The Clerk shall also serve a copy of this order on Petitioner.

4. Respondent shall file with the Court and serve on Petitioner, within **ninety-one (91) days** of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on the claims found cognizable herein. Respondent shall file with the answer and serve on Petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondent within **thirty-five (35) days** of the date the answer is filed.

5. Respondent may file, within **ninety-one (91) days**, a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition within **twenty-eight (28) days** of the date the motion is filed, and Respondent shall file with the Court and serve on Petitioner a reply within **fourteen (14) days** of the date any opposition is filed.

6. Petitioner is reminded that all communications with the Court must be served on Respondent by mailing a true copy of the document to Respondent's counsel. Petitioner must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

7. Upon a showing of good cause, requests for a reasonable extension of time will be

granted provided they are filed on or before the deadline they seek to extend.

This order terminates Dkt. Nos. 4 and 5.

**IT IS SO ORDERED.**

Dated: 8/27/2019

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge